UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE HOLDINGS INC. and
LINCARE LICENSING INC.,

    Plaintiffs,

v.      Case No. 8:22-cv-2349-VMC-AEP

DOXO, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Doxo, Inc.'s sealed Motion for Summary Judgment (Doc. # 75), filed on November 17, 2023. Plaintiffs Lincare Holdings Inc. and Lincare Licensing Inc. responded on December 8, 2023. (Doc. # 100). Doxo replied on December 22, 2023. (Doc. # 115). As explained below, the Motion is denied.

**Discussion**

Plaintiffs are national health care companies that provide patients "with top quality treatments and durable medical equipment." (Johnson Decl. at ¶ 3). Plaintiffs' "portfolio includes healthcare goods and services offered in connection with the trademarks LINCARE, mdINR, CONVACARE, AMERICAN HOMEPATIENT, PREFERRED HOMECARE, and the trade name SPECIALIZED MEDICAL SERVICES." (Id.). Doxo runs an all-in-

1

one bill pay service that allows users to pay bills to over 120,000 billers using Doxo's website. (Shivers Decl. at ¶ 2). Doxo, although unaffiliated with Plaintiffs, includes Plaintiffs as billers that can be paid through Doxo's website. Doxo's biller pages for Plaintiffs include use of Plaintiffs' trademarks and trade names.

Plaintiffs initiated this action against Doxo on October 13, 2022, asserting claims for trademark and service mark infringement in violation of Section 32 of the Lanham Act (Count 1); false representation and false designation of origin in violation of Section 43(a) of the Lanham Act (Count 2); unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count 3); trademark infringement, trade name infringement, and unfair competition under Florida common law (Count 4); and tortious interference with business relationships (Count 5). (Doc. # 1).

Now, Doxo seeks summary judgment only on the infringement and tortious interference with business relationships claims, as well as all claims involving SPECIALIZED MEDICAL SERVICES. (Doc. # 75). Among other arguments, Doxo contends that its use of Plaintiffs' marks is protected by the doctrine of nominative fair use and,

regardless, there is no likelihood of confusion. The Motion is fully briefed and ripe for review. (Doc. ## 100, 115).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003).

The Motion is denied because genuine disputes of material fact remain on multiple issues relevant to all claims. Specifically, regarding the infringement claims, genuine disputes of material fact exist as to whether Doxo's use of Plaintiffs' marks qualifies as nominative fair use and whether Doxo's use creates a likelihood of confusion. See Farmers Mut. Ins. Co. of Nebraska v. Doxo, Inc., No. 4:21-CV-3323, 2022 WL 20678372, at *2 (D. Neb. Dec. 15, 2022) ("The nominative fair use framework is simply an alternative method

to determine whether a defendant used a plaintiff's mark in a manner likely to cause confusion. And due to the fact-specific nature of determining the likelihood of confusion, such matters are generally not resolved as a matter of law." (citations omitted)). Indeed, among other things, conflicting evidence exists regarding the prominence and efficacy of Doxo's disclaimers on its website and whether Doxo used more of Plaintiffs' marks than reasonably necessary to identify Doxo's service.

As to the tortious interference claims, a genuine dispute exists as to whether Plaintiffs have suffered damage to their business as a result of Doxo's actions. See (Johnson Decl. at ¶¶ 21-27); Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994) ("The elements of tortious interference with a business relationship are '(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." (quoting Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985))). Finally, there is a genuine dispute as to whether the trade name SPECIALIZED MEDICAL SERVICES is

4

sufficiently distinctive, whether any likelihood of confusion exists as to this trade name, and whether Plaintiffs suffered any harm because of Doxo's use of the trade name.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Doxo, Inc.'s sealed Motion for Summary Judgment (Doc. # 75) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of February, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE